Edward A. Meilman (EM 7257)
Richard LaCava (RL 1671)
Peter Lambrianakos (PL 5075)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
SAMSUNG ELECTRONICS AMERICA, INC.,   :
:      Civil Action No.
Plaintiff,    :
:      ECF Case
v.                           :
:      Jury Demanded
BROADWAY PHOTO LLC,                  :
:
Defendant.    :
------------------------------------x

## COMPLAINT

Plaintiff, Samsung Electronics America, Inc., by and through its attorneys, hereby states its Complaint against Defendant, Broadway Photo LLC, and its demand for trial by jury, as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, false advertising, unfair competition and false designation of origin under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. § 1051, *et seq.*; deceptive trade practices under N.Y. Gen. Bus. Law § 349; false advertising under N.Y. Gen Bus. Law §§ 350 and 350-e; and tortious interference with contract under New York common law.

## PARTIES

2. Plaintiff, Samsung Electronics America, Inc. ("Samsung") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey, 07660 and a place of business at 10 Columbus Circle, New York, New York, 10019.

3. Upon information and belief, defendant, Broadway Photo LLC ("Broadway Photo") is a New York limited liability company with its principal place of business at 337 E. 89th Street, Brooklyn, New York, 11236.

## SUBJECT MATTER JURISDICTION

4. The First through Third Causes of Action arise under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. § 1051, *et seq.* Subject matter in this Court over these causes of action is proper pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a).

5. The Fourth through Seventh Causes of Action arise under New York statutory and common law. Subject matter jurisdiction in this Court over these causes of action is proper pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

## PERSONAL JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Broadway Photo because Broadway Photo is a New York limited liability company with its principal place of business in New York. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, Broadway Photo transacts substantial and continuing business within this district. Among other things, Broadway Photo is believed to own, control and operate several Web sites that serve as "virtual" retail stores. Upon information and belief, through these Web sites, Broadway Photo has directed advertising, including false advertising, and solicitation of purchases to this

district, and Broadway Photo has sold substantial goods and services to purchasers in this district.

## FACTUAL BACKGROUND

7. Samsung is a leading seller of consumer electronics products, including televisions, cameras, cellular telephones, audio equipment and other consumer electronics and accessories under the registered trademark "SAMSUNG" ("Samsung Products"). Samsung Products have been and are currently being marketed, distributed, offered for sale and sold throughout the world, including the United States. Samsung, a subsidiary of the Korean corporation, Samsung Electronics Co., Ltd., is responsible for the marketing, distribution, sale and servicing of Samsung Products in the United States.

8. Samsung is the owner of the trademark SAMSUNG in the United States and has been granted the following registrations by the United States Patent and Trademark Office:

| Mark | Registration No. | Issue Date | Selected Goods |
| --- | --- | --- | --- |
| SAMSUNG | 1,164,353 | August 11, 1981 | Television Receivers, Communication Systems, Stereo Systems Amplifiers, Tuners, Speakers, Headsets, Radios, Recorders |
| SAMSUNG | 2,214,833 | December 29, 1998 | Cameras, Compact Disk Players, Computer Monitors and Video Monitors, Portable Communication Telephones, Radios, Televisions, Telephones, Video Cameras, Ink-Jet or Laser Printers, |

9. Each of these registrations is currently valid, subsisting and in full force and effect, is registered on the Principal Trademark Register of the United States Patent and Trademark Office, and is incontestable pursuant to 15 U.S.C. § 1065. True and accurate copies of the Certificates of Registration referenced above are attached hereto as Exhibit A.

10. The trademark SAMSUNG has been extensively and continually used, advertised, and promoted by Samsung within the United States for at least the past 25 years.

Substantial amounts of time, effort, and money have been expended over the years in ensuring that the purchasing public associates the SAMSUNG mark exclusively with Samsung.

11. As a result of the time, effort and money invested in its business, and the quality of its goods and services, Samsung has achieved a reputation for excellence and enjoys and fulfills a substantial demand for its products and services.

12. By virtue of the extensive scope of sales to consumers, unsolicited press coverage relating to Samsung, and the substantial sums spent to advertise and promote products and services under the SAMSUNG mark, the mark has acquired a strong secondary meaning in the minds of the purchasing public, and is now highly distinctive, famous, and serves uniquely to identify Samsung's products and services. Through widespread and favorable public acceptance and recognition, the SAMSUNG mark enjoys tremendous goodwill and has become an asset of incalculable value as a symbol of Samsung's products and services.

13. Samsung's ability to maintain control over the quality of products offered for sale and sold under its name and marks is a critical component of its success. To ensure the quality of its products and maintain the highest levels of customer satisfaction, Samsung has established a network of authorized dealers who agree to strict policies governing the sale of Samsung Products. To that end, Samsung's authorized dealers execute a Non-Exclusive Dealer Agreement which places certain restrictions on an authorized dealer's right to sell Samsung Products. In particular, authorized dealers agree to the following term:

    a. *End-user Customers*: Dealer agrees to sell the Products only to Customers within the United States. Dealer shall sell Products directly to Customers at retail for end-use. Transshipping shall not be permitted.

"Transshipping" is the practice of selling products to third-party resellers.

14. Under the Samsung's Non-Exclusive Dealer Agreement, authorized dealers are contractually obligated to sell Samsung consumer electronics products to ultimate commercial or private bona fide consumers only.

15. As an additional measure to ensure the quality of its products and maintain the highest levels of customer satisfaction, Samsung provides a limited warranty to the original consumer purchaser in which it agrees to replace or repair defective products at no charge during the applicable limited warranty period.

16. Samsung expressly limits its obligations under its limited warranty to SAMSUNG brand products supplied and distributed by Samsung and delivered new to the original consumer purchaser. As such, products sold outside Samsung's distribution channel or which are not new when purchased by the original consumer purchaser are not covered by Samsung's limited warranty.

17. Central to Samsung's marketing strategy is the use of standardized, high-quality and attractive marketing collateral that reflects the quality of Samsung Products. Samsung licenses original, professional photographs of Samsung Products for use in marketing its products in the United States. Samsung also authors original descriptions of Samsung Products. These product photographs and descriptions are assembled into a collection that Samsung calls the "Samsung Ad Kit."

18. Samsung grants permission to its authorized dealers to access the Samsung Ad Kit through the Internet and copy materials from the Samsung Ad Kit to their Web sites and other marketing materials for use in connection with their efforts to market Samsung Products.

19. Samsung does not permit unauthorized dealers to access the Samsung Ad Kit or to copy its materials for any purpose.

## BROADWAY PHOTO'S WRONGFUL ACTS

20. Upon information and belief, Broadway Photo is in the business of selling consumer electronics products, including Samsung Products, through the Internet in New York and elsewhere in the United States. Broadway Photo is believed to operate numerous Web sites, including www.amphotoworld.com, www.bananaboatcamera.com, www.bananaboatcameras.com, www.bwayphoto.com, www.cameraaddict.com, www.cciameracity.com, www.digitalliquidators.com, www.infinitycamera.com, www.preferredphoto.com, www.prestigecamera.com, www.quest4cameras.com, www.regalcamera.com, www.royalcamera.com, www.urollingcamera.com, www.urollingcameras.com, and www.wilddigital.com.

21. Broadway Photo is not an authorized dealer of Samsung Products.

22. Upon information and belief, the products sold by Broadway Photo on its Web sites are purchased by Broadway Photo from one or more of Samsung's authorized dealers in violation of the prohibition in Samsung's Non-Exclusive Dealer Agreement against transshipping.

23. Upon information and belief, Broadway Photo is aware that Samsung's authorized dealers are contractually forbidden to transship Samsung Products, but nevertheless purposefully and intentionally induces Samsung's authorized dealers to transship Samsung Products in violation of Samsung's Non-Exclusive Dealer Agreement.

24. Several of the pages on Broadway Photo's Web sites that offer Samsung Products for sale display the SAMSUNG trademark and product photographs that Samsung has made available exclusively to its authorized dealers through the Samsung Ad Kit.

25. Broadway Photo is not authorized to use the SAMSUNG mark or Samsung's photographs in connection with sales of Samsung Products, or for any other purpose.

DOCSNY-314097v01

26. In addition, upon information and belief, Broadway Photo has copied the product descriptions displayed on the Web site of at least one of Samsung's authorized dealers and incorporated that text onto its own product pages.

27. On at least one of its Web sites, Broadway Photo states that the televisions it sells on its Web sites are covered by the manufacturer's warranty.

28. Broadway Photo's representation that the Samsung Products televisions it sells are covered by the manufacturer's warranty is false and misleading. As an unauthorized dealer, Broadway Photo may not offer Samsung's manufacturer's limited warranty to consumers. Also, transshipped products are not "new" within the meaning of the Samsung's limited warranty when they are sold to consumers. Therefore, Samsung's limited warranty does not, by its terms, extend to consumers who purchase Samsung Products from unauthorized dealers such as Broadway Photo.

29. Upon information and belief, Broadway Photo's unauthorized use of the SAMSUNG mark and Samsung's product photographs, its use of product descriptions copied from at least one Samsung authorized dealer, and its false statement that the televisions it sells are covered by the manufacturer's warranty are likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection or association of Broadway Photo with Samsung, or as to the origin, sponsorship, or approval by Samsung of Broadway Photo's sale of Samsung Products.

30. Upon information and belief, Broadway Photo has profited and will continue to profit from its unauthorized use of the SAMSUNG mark and Samsung's product photographs, its use of product descriptions copied from at least one Samsung authorized dealer, and its false statement that the televisions it sells are covered by the manufacturer's warranty.

31. Upon information and belief, Broadway Photo has also profited and will continue to profit from its wrongful act of inducing Samsung's authorized dealers to transship Samsung Products to Broadway Photo in violation of their dealer agreements with Samsung.

32. On several occasions, Samsung notified Broadway Photo that it had been improperly using Samsung's trademarks and photographs and requested that Broadway Photo immediately cease and desist from such unauthorized use. Although Broadway Photo temporarily removed some unauthorized content from its Web sites in response to Samsung's demands, it thereafter restored the content and continued its pattern of infringement. As such, Broadway Photo's infringement is willful.

## DAMAGE TO SAMSUNG

33. Upon information and belief, Broadway Photo's unauthorized use of the SAMSUNG mark and Samsung's product photographs, its use of product descriptions copied from at least one Samsung authorized dealer, and its false statement that the televisions it sells are covered by the manufacturer's warranty have damaged and injured Samsung and the value and goodwill associated with the SAMSUNG mark. The public's interest in being free from confusion as to Broadway Photo's affiliation with Samsung, and its interest in being free from deception regarding the applicability of Samsung's limited warranty have also been injured.

34. Moreover, Broadway Photo's tortious interference with Samsung's contractual relationships with its authorized dealers damages the market for Samsung's products and services, reduces the prices that Samsung can obtain for Samsung Products, and harms its relationships with its authorized dealers.

35. Broadway Photo's actions as described above have and will continue to irreparably injure Samsung's profits, goodwill, and trademarks unless they are enjoined.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

36. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 35 of the Complaint as set forth above.

37. Broadway Photo's actions as described above are likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection or association of Broadway Photo with Samsung, or as to the origin, sponsorship, or approval by Samsung of Broadway Photo's sale of Samsung Products. Broadway Photo's actions thus constitute infringement of a federally registered trademark in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

38. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

39. As a proximate result of the acts of Broadway Photo as alleged herein, Samsung has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Broadway Photo profits at Samsung's expense. Samsung has no adequate remedy at law for Broadway Photo's infringement of the SAMSUNG trademark. Unless Broadway Photo is permanently enjoined, Samsung will continue to suffer irreparable harm.

## SECOND CAUSE OF ACTION
### (False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

40. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 39 of the Complaint as set forth above.

41. The SAMSUNG trademark, as used in connection with consumer electronics and related goods and services, is a distinctive mark and has become exclusively associated with Samsung through Samsung's continuous, extensive, and widespread use of the SAMSUNG

trademark in advertising, promotion and marketing of its products over the past 25 years. As a result, the SAMSUNG trademark exclusively identifies Samsung's business and products.

42. Broadway Photo's actions as described above are likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection or association of Broadway Photo with Samsung, or as to the origin, sponsorship, or approval by Samsung of Broadway Photo's sale of Samsung Products. Broadway Photo's actions thus constitute false designation of origin in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

44. As a proximate result of the acts of Broadway Photo as alleged herein, Samsung has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Broadway Photo profits at Samsung's expense. Samsung has no adequate remedy at law for Broadway Photo's false designation of origin. Unless Broadway Photo is permanently enjoined, Samsung will continue to suffer irreparable harm.

### THIRD CAUSE OF ACTION
### (False Advertising – 15 U.S.C. § 1125(a)(1)(B))

45. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 44 of the Complaint as set forth above.

46. By engaging in the above described activities, Broadway Photo has made false and misleading statements of fact to consumers and potential customers, misrepresenting the nature of its products and services, including as to the source of those products and the applicability of Samsung's manufacturer's limited warranty, all in violation of section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

47. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

48. As a proximate result of the acts of Broadway Photo as alleged herein, Samsung has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Broadway Photo profits at Samsung's expense. Samsung has no adequate remedy at law for Broadway Photo's false advertising. Unless Broadway Photo is permanently enjoined, Samsung will continue to suffer irreparable harm.

## FOURTH CAUSE OF ACTION
**(False Advertising – N.Y. Gen. Bus. Law §§ 350, 350-e)**

49. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 48 of the Complaint as set forth above.

50. By engaging in the above described activities, Broadway Photo has made false and misleading statements of fact to consumers and potential customers in New York, misrepresenting the nature of its products and services, including as to the source of those products and the applicability of Samsung's manufacturer's limited warranty, all in violation of N.Y. Gen. Bus. Law §§ 350 and 350-e.

51. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

52. As a proximate result of the acts of Broadway Photo as alleged herein, Samsung has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Broadway Photo profits at Samsung's expense. Samsung has no adequate remedy at law for Broadway Photo's false advertising. Unless Broadway Photo is permanently enjoined, Samsung will continue to suffer irreparable harm.

## FIFTH CAUSE OF ACTION
### (Deceptive Trade Practices – N.Y. Gen. Bus. Law § 349)

53. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 52 of the Complaint as set forth above.

54. Broadway Photo's actions as described above constitute deceptive acts or practices in the conduct of a business, trade, and commerce, and in furnishing of goods and services in New York, in violation of N.Y. Gen. Bus. Law § 349.

55. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

56. As a proximate result of the acts of Broadway Photo as alleged herein, Samsung has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Broadway Photo profits at Samsung's expense. The consumers of New York have also been injured by virtue of Broadway Photo's deceptive trade practices. Furthermore, Samsung has no adequate remedy at law for Broadway Photo's deceptive trade practices. Unless Broadway Photo is permanently enjoined, Samsung will continue to suffer irreparable harm.

## SIXTH CAUSE OF ACTION
### (Common Law Trademark Infringement, Unfair Competition and Misappropriation)

57. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 56 of the Complaint as set forth above.

58. Broadway Photo's actions as described above constitute common law trademark infringement, unfair competition, and misappropriation of Samsung's goodwill and trademark and trade name rights.

59. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

60. As a direct and proximate result of the actions of Broadway Photo alleged above, Samsung has been damaged, will continue to be damaged, and such damage is irreparable.

### SEVENTH CAUSE OF ACTION
### (Tortious Interference with Contract)

61. Samsung realleges and incorporates by reference the allegations of paragraphs 1 through 60 of the Complaint as set forth above.

62. Broadway Photo's actions as described above constitute tortious interference with contract.

63. Upon information and belief, the actions of Broadway Photo described above have at all times relevant to this action been willful and/or knowing.

64. As a direct and proximate result of the actions of Broadway Photo alleged above, Samsung has been damaged, will continue to be damaged, and such damage is irreparable.

### PRAYER FOR RELIEF

Wherefore, Samsung demands judgment against Defendant and respectfully request that this Court enter:

A. Both preliminary and permanent injunctions enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

  (1) From using the trademark SAMSUNG, and any variations thereof, in any manner, form, or medium likely to confuse consumers into mistakenly believing that Defendant or Defendant's business is authorized or

        sponsored by, or affiliated with, Samsung; or that Defendant is an authorized dealer of Samsung Products;

(2)    From using Samsung's product photographs and descriptions, and any variations thereof, in any manner, form, or medium likely to confuse consumers into mistakenly believing that Defendant or Defendant's business is authorized or sponsored by, or affiliated with, Samsung; or that Defendant is an authorized dealer of Samsung Products;

(3)    From representing by any means whatsoever, directly or indirectly, that Defendant is associated or connected in any way with Samsung, or sponsored or approved by Samsung, or is an authorized dealer of Samsung Products; and

(4)    From representing by any means whatsoever, directly or indirectly, that Samsung Products sold by Defendant are covered by the Samsung limited warranty that would apply if Defendant were an authorized dealer of Samsung;

B.    An Order directing Defendant to file with this Court and serve on Samsung's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

C.    An Order requiring Defendant to account for and pay to Samsung any and all profits arising from the foregoing acts of infringement, false designation of origin, misrepresentation, unfair competition, misappropriation, false advertising, and tortious interference with contract, and trebling such profits for payment to Samsung in accordance with 15 U.S.C. § 1117 and other applicable laws;

D. An Order requiring Defendant to pay Samsung compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, misrepresentation, unfair competition, misappropriation, false advertising, and tortious interference with contract, and trebling such damages in accordance with 15 U.S.C. § 1117, New York General Business Laws §§ 349, 350, and 350-e, and other applicable laws;

E. An Order requiring Defendant to pay Samsung punitive damages pursuant to New York common law, and other applicable laws, in an amount as yet undetermined, caused by the foregoing acts of Defendant;

F. An Order requiring Defendant to pay Samsung's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

G. Other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Samsung Electronic America, Inc., demands a jury trial in this action for all claims so triable.

Dated: July 30, 2008

Respectfully submitted,

By _____
Edward A. Meilman (EM 7257)
Richard LaCava (RL 1671)
Peter Lambrianakos (PL 5075)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Plaintiff Samsung Electronics America, Inc.

# EXHIBIT A

Case 1:08-cv-06822-SHS-THK   Document 1   Filed 07/30/2008   Page 16 of 19

Int. Cls.: **7, 9, 11 and 14**

Prior U.S. Cls.: **21, 23, 24, 26, 27, 31, 34 and 44**

**United States Patent and Trademark Office**  Reg. No. **1,164,353**
Registered Aug. 11, 1981

## TRADEMARK
### Principal Register

## SAMSUNG

Samsung Electronics America, Inc. (New York corporation)
200 Park Ave.
New York, N.Y. 10017

For: ELECTRIC APPLIANCES—NAMELY, JUICERS, MIXERS AND FOOD PROCESSING MACHINES FOR CUTTING, SLICING, GRATING, RASPING AND CHOPPING FOOD ITEMS AND FOR ACCESSORY ATTACHMENTS THERETO; CLOTHES WASHING MACHINES AND DRYERS, ELECTRIC MOTORS AND GAS COMPRESSORS, in CLASS 7 (U.S. Cls. 21, 23 and 24).

First use Mar. 1, 1973; in commerce Mar. 1, 1973.

For: STEREO SYSTEMS AMPLIFIERS, TUNERS, SPEAKERS, HEADSETS, MICROPHONES, RADIOS, RECORDERS, TRANSCEIVERS, TELEVISION RECEIVERS, COMMUNICATION SYSTEMS, SWITCHING EQUIPMENT, TELEPHONE SETS, INTERPHONES, ELECTRICAL COMPUTING MACHINES, ELECTRONIC CALCULATORS, CASH REGISTERS, STRUCTURAL ELECTRONIC PARTS AND COMPONENTS FOR THE FOREGOING, ELECTRONIC TUBES, CATHODE RAY TUBES, PICTURE TUBES, ELECTRON GUNS, DEFLECTION YOKES, SEMI CONDUCTORS, TRANSISTORS, DIODES, RESISTOR CAPACITORS, TRANSFORMERS, GLASS FOR ELECTRONIC TUBES, in CLASS 9 (U.S. Cls. 21 and 26).

First use Mar. 1, 1973; in commerce Mar. 1, 1973.

For: APPARATUS FOR HEATING, COOKING AND REFRIGERATING AND VENTILATING COMPRISING ELECTRIC APPLIANCES—NAMELY, REFRIGERATORS AND COMPRESSORS, ELECTRIC SPACE HEATERS, MICROWAVE OVENS, DOMESTIC ELECTRIC COOKERS, AIR HUMIDIFIERS, AIR CONDITIONERS AND ELECTRIC AIR CLEANERS AND PURIFIERS, HUMIDIFIERS AND DEHUMIDIFIERS, AND FANS AND HAND-HELD ELECTRICAL HAIRDRYERS, in CLASS 11 (U.S. Cls. 21, 23, 31, 34 and 44).

First use Mar. 1, 1973; in commerce Mar. 1, 1973.

For: ELECTRONIC WATCHES AND ELECTRIC CLOCKS, in CLASS 14 (U.S. Cl. 27).

First use Mar. 1, 1973; in commerce Mar. 1, 1973.

"Samsung" is the phonetic spelling of two words which mean in Korean "Three Stars".

Ser. No. 207,678, filed Mar. 16, 1979.

G. T. GLYNN, Primary Examiner

Int. Cls.: 7, 9, 11, and 14

Prior U.S. Cls.: 2, 13, 19, 21, 23, 26, 27, 28, 31, 34, 35, 36, 38, and 50

Reg. No. 2,214,833

**United States Patent and Trademark Office**   Registered Dec. 29, 1998

## TRADEMARK
### PRINCIPAL REGISTER



SAMSUNG ELECTRONICS AMERICA INC. (NEW YORK CORPORATION)
105, CHALLENGER ROAD
RIDGEFIELD PARK, NJ 076600511

FOR: ENGINES FOR NON LAND VEHICLES; ELECTRIC MOTORS OTHER THAN FOR LAND VEHICLES; TURBINES OTHER THAN FOR LAND VEHICLES; ELECTRIC GENERATORS; CONCRETE MIXING MACHINES; EARTH MOVING MACHINES; CRANES; GRINDING MACHINES; LATHES; PRESSES AS MACHINES FOR INDUSTRIAL PURPOSES; BORING MACHINES; DREDGING MACHINES; POWER-OPERATED RAMMERS; ELECTRIC CAN OPENERS; WASHING MACHINES; CHIP MOUNTING MACHINES; INDUSTRIAL ROBOTS; CONTROL CABLE AS PARTS FOR MACHINES; CONVEYORS; ELECTRON BEAM MACHINES; ELECTRIC HAND DRILLS; POWER-OPERATED MINE BORERS; DISH WASHING MACHINES; ELECTRONIC JUICERS, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 3-14-1992; IN COMMERCE 3-14-1992.

FOR: PROGRAMMABLE LOGIC CONTROLLER; PROGRAMMABLE LOGIC CONTROLLERS AS COMPUTER PERIPHERALS; ELECTRIC AND ELECTRONIC CONTROLS FOR MACHINES; AMPLIFIERS; ALKALINE BATTERIES; AUTOMATIC VENDING MACHINES; BATTERY CHARGERS; BINOCULARS; CATHODE RAY TUBES BULBS; CATHODE RAY TUBES; COLD CATHODE FLUORESCENT TUBES; CAPACITORS; CAR COMMUNICATION TELEPHONES; CAMERAS; CASH REGISTERS; CHARGE COUPLED DEVICE CAMERAS; COLOR FILTERS FOR LIQUID CRYSTAL DISPLAYS; COMPUTER MEMORIES; COMPUTERS; CABLE TV CONVERTORS; COMPUTER PROGRAMS FOR COMPUTER-AIDED DESIGN, WORD PROCESSING AND DATA PROCESSING; ELECTRICAL DEFLECTION COILS; AUDIO CASSETTE TAPE RECORDERS; COMPACT DISK PLAYERS; DIGITIZERS; DISCHARGE INDICATOR TUBES; ELECTRICAL DEFLECTION YOKE; DOT, INK-JET, OR LASER PRINTERS; ELECTRIC FLAT IRONS; ELECTRONIC SWITCHING APPARATUS; ELECTRONIC VIEW-FINDER TUBES; ELECTRIC VACUUM CLEANERS; ELECTRIC WAVE MEASURERS; ELECTRONIC CERAMIC PACKAGES FOR SEMICONDUCTOR CHIPS; ELECTROLUMINESCENT DISPLAYS; ELECTRON GUNS; ELECTRONIC CALCULATORS; FERRITE CORES FOR ROTARY TRANSFORMERS OF VIDEO CASSETTE RECORDERS; FLAT VIDEO DISPLAY TUBES; ELECTRONIC FIELD EMISSION DISPLAYS; FILTERS FOR FILTERING ELECTRO-MAGNETIC WAVES; ELECTRONIC FLASH GUN; FLYBACK TRANSFORMERS; HEADPHONES; ELECTRIC OR ELECTRONIC IDENTITY CARDS READERS; INTEGRATED CIRCUITS; ELECTRICAL INVERTERS; LENS FOR CAMERA OPTICS; LIQUID CRYSTAL DISPLAY; LASERS NOT FOR MEDICAL PURPOSES; LASER DISKS PLAYERS; LOUD SPEAKERS; FLOPPY, OPTICAL DISKS, AND DRIVES THEREOF; MATRIX BLANKS FOR LIQUID CRYSTAL DISPLAYS; COMPUTER MONITORS AND

2                                                    2,214,833

VIDEO MONITORS; MAGNETIC IDENTITY CARDS; OPTICAL CABLES; ELECTRONIC OPTICAL CHARACTER RECOGNIZER; OPTICAL FIBERS; OSCILLOGRAPHS; PIEZO-ELECTRIC PARTS FOR TELEPHONE; PRINTED CIRCUIT BOARDS; PHOTOCOPYING MACHINES; PORTABLE COMMUNICATION TELEPHONES; TELEVISION OR CRT PROJECTION TUBES; TELEVISION PICTURE TUBES; PLASMA DISPLAY PANEL; PHOTOGRAPHIC SHUTTERS; FACSIMILE MACHINES; RADIO FREQUENCY MODULATORS; RADAR SETS; RADIOS; RADIO TELEPHONIC SETS; REMOTE CONTROLS; RESISTORS; ROTARY TRANSFORMERS; SEMICONDUCTOR CHIPS; SENSORS FOR MEASURING WEIGHTS AND DETECTING GAS; LIQUID CRYSTAL PROJECTORS; SATELLITE BROADCASTING RECEIVERS; TELEVISIONS; THIN FILM MATRIX FOR TELEVISIONS; THIN FILM COATED GLASS SUBSTRATE FOR LIQUID CRYSTAL DISPLAY, AS COMPUTER PARTS; TRANSMITTERS OF ELECTRONIC SIGNALS; TRANSPARENT ELECTRICALLY CONDUCTIVE THIN FILM COATED GLASS SUBSTRATE, AS COMPUTER PARTS; TUNERS; TELEPHONES; VACUUM FLUORESCENT DISPLAY TUBES; VIDEO CAMERAS; BLANK VIDEO TAPES; VIDEO CASSETTE RECORDERS; SILICON SLICE WAFERS; WORD PROCESSORS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3–14–1992; IN COMMERCE 3–14–1992.

FOR: SUPERSONIC WAVE HUMIDIFIERS; SEPARATORS FOR THE CLEANING AND PURIFICATION OF AIR; ULTRA HIGH PRESSURE MERCURY LAMPS; COMPACT FLUORESCENT LAMPS; ELECTRODELESS LAMPS; BACK-LIGHT LAMPS; METAL HALIDE LAMPS; LAMP FIXTURES; ELECTRIC FANS; ELECTRIC PERCOLATORS; REFRIGERATORS; ELECTRIC STOVES; ELECTRIC WATER COOLING AND HEATING MACHINES; EXHAUSTED GAS PURIFICATION CERAMICS, AS PARTS FO PERIFIERS; MICROWAVE OVENS FOR COOKING; AIR CONDITIONING UNITS; ELECTRIC FRY PANS AND SKILLETS AND ELECTRIC RICE COOKERS; ELECTRIC OVENS; ELECTRIC RANGES; ELECTRIC TOASTERS; ELECTRIC COFFEE MAKERS; HUMIDIFIERS FOR CENTRAL HEATING RADIATORS; ELECTRIC LANTERNS FOR LIGHTING; HAND-HELD ELECTRIC HAIR DRYERS; ELECTRIC HOT PLATES; LIGHT BULBS; EVAPORATIVE AIR COOLING UNITS FOR DOMESTIC USE; LAUNDRY DRYERS FOR DOMESTIC USE, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 3–14–1992; IN COMMERCE 3–14–1992.

FOR: AUTOMOBILE TIMEPIECES; CLOCKS; WATCH BANDS; CHRONOMETERS; WATCHES; WATCH CASES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 3–14–1992; IN COMMERCE 3–14–1992.

OWNER OF U.S. REG. NO. 1,164,353.

THE ENGLISH TRANSLATION OF THE WORD "SAMSUNG" IS "THREE STARS".

SN 74–507,148, FILED 3–30–1994.

ROBERT LORENZO, EXAMINING ATTORNEY