Steven B. Pokotilow
Richard Eskew
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
Tel:  (212) 806-5400
Fax: (212) 806-6006
*Attorneys for Defendant,*
  *Broadway Photo LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | **ECF CASE** |
| | Civil Action No.  08-CIV-6822 (SHS) |
| Plaintiff, | |
| v. | |
| BROADWAY PHOTO LLC, | |
| Defendant. | |

---

**ANSWER TO COMPLAINT**

Defendant, Broadway Photo LLC ("Defendant" or "Broadway Photo"), hereby responds to the Complaint brought by Plaintiff, Samsung Electronics America, Inc. ("Plaintiff" or "Samsung"), and answers, as follows:

**NATURE OF THE ACTION**

1.  Defendant admits that the Complaint purports to present an action for trademark infringement, false advertising, unfair competition and false designation of origin under the U.S. Trademark (Lanham) Act of 1946, 15 U.S.C. §1051, et seq., deceptive trade practices under N.Y.

1

Gen. Bus. Law §349, false advertising under N.Y. Gen. Bus. Law. §§350 and 350-e, and tortious interference with contract under New York common law, but otherwise denies that Plaintiff is entitled to any relief thereunder.

## PARTIES

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3.     Defendant admits that Broadway Photo is a New York limited liability company with its principal place of business at 337 E. 89th Street, Brooklyn, New York 11236.

## SUBJECT MATTER JURISDICTION

4.     Defendant admits that the First through Third Causes of Action purport to arise under the U.S. Trademark (Lanham) Act of 1946, 15 U.S.C. §1051, et seq., and that subject matter jurisdiction is proper in this Court, but otherwise denies that Plaintiff is entitled to any relief thereunder.

5.     Defendant admits that the Fourth through Seventh Causes of Action purport to arise under New York Statutory and common law, and that subject matter jurisdiction is proper in this Court, but otherwise denies that Plaintiff is entitled to any relief thereunder.

## PERSONAL JURISDICTION AND VENUE

6.     Defendant admits that this Court has personal jurisdiction over Broadway Photo, that Broadway Photo is a New York limited liability company with its principal place of business in New York, and that Broadway Photo transacts substantial and continuing business within this district. Broadway Photo admits that it owns, controls and operates several web sites, but otherwise denies the remainder of the third sentence of paragraph 6 of the Complaint because the

phrase "virtual retail store" is vague and ambiguous. Broadway Photo admits that it has sold goods and services to purchase in this district and that it has directed advertising to such purchasers, but otherwise denies the allegations of the fourth sentence of paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant admits that U.S. Trademark Registration Nos. 1,164,353 and 2,214,833 for SAMSUNG have been registered in the name of Samsung Electronics America, Inc., but is otherwise without knowledge or information sufficient to form a belief as to the truth of each of the remaining allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 12 of the Complaint, and therefore denies the

same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

NY 71725521

## BROADWAY PHOTO'S ALLEGED WRONGFUL ACTS

20. Defendant admits the allegations of the first sentence of paragraph 20 of the Complaint. Broadway Photo denies that it is operating the following web sites: www.bananaboatcameras.com; www.cciameracity.com; www.infinitycamera.com; www.royalcamera.com; www.urollingcamera.com; and www.urollingcameras.com.

21. Admitted.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 22 of the Complaint, and therefore denies the same.

23. Denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant denies that it is not authorized to use the SAMSUNG mark in connection with sales of Samsung Products, or for any other purpose. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Samsung's photographs in paragraph 25 of the Complaint, and therefore denies the same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27. Paragraph 27 of the Complaint fails to define the specific "televisions" that are referred to as being sold on Defendant's Web sites, and therefore Defendant is unable to respond to said allegation and denies the same.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant admits that on at least one occasion Samsung notified Broadway Photo of Samsung's allegations that Broadway Photo was improperly using Samsung's trademarks and photographs and requested that Broadway Photo cease and desist from such alleged unauthorized use, but otherwise denies the remaining allegations of paragraph 32 of the Complaint.

### ALLEGED DAMAGE TO SAMSUNG

33. Denied.

34. Denied.

35. Denied.

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

36. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 35 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

### SECOND CAUSE OF ACTION
### (False Designation of Origin - 15 U.S.C. § 1125(a)(1)(A))

40. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 39 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## THIRD CAUSE OF ACTION
### (False Advertising - 15 U.S.C. § 1125(a)(1)(B))

45. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 44 of the Complaint.

46. Denied.

47. Denied.

48. Denied.

## FOURTH CAUSE OF ACTION
### (False Advertising – N.Y. Gen. Bus. Law §§ 350, 350-e)

49. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 48 of the Complaint.

50. Denied.

51. Denied.

52. Denied.

## FIFTH CAUSE OF ACTION
### (Deceptive Trade Practices – N.Y. Gen. Bus. Law § 349)

53. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 52 of the Complaint.

54. Denied.

55. Denied.

56. Denied.

NY 71725521

## SIXTH CAUSE OF ACTION
### (Common Law Trademark Infringement, Unfair Competition and Misappropriation)

57. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 56 of the Complaint.

58. Denied.

59. Denied.

60. Denied.

## SEVENTH CAUSE OF ACTION
### (Tortious Interference with Contract)

61. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 60 of the Complaint.

62. Denied.

63. Denied.

64. Denied.

## PRAYER FOR RELIEF

Defendant denies that Samsung is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which the relief sought by this action can be granted.

### Second Affirmative Defense
### (Unclean Hands)

Plaintiff is not entitled to the equitable relief sought by this action because it comes before the Court with unclean hands.

NY 71725521

### Third Affirmative Defense
### (Fair Use)

Defendant's use of any Samsung trademarks is descriptive in nature and constitutes fair use under 15 U.S.C. §1115(b)(4).

### Fourth Affirmative Defense
### (Laches, Estoppel, Waiver and Acquiescence)

Plaintiff Samsung has delayed in bringing suit and should be estopped from continuing this action under the doctrines of laches and equitable estoppel. See 15 U.S.C. §1115(b)(9). Further, Samsung, at least by virtue of placing the Samsung Products into the stream of commerce, has waived and/or acquiesced to their sale by Defendant. Id.

### Fifth Affirmative Defense
### (Implied License)

Samsung, at least by virtue of placing the Samsung Products into the stream of commerce, has impliedly licensed Defendant to offer and sell the same.

### Sixth Affirmative Defense
### (No Damage)

Plaintiff's claims are barred because Plaintiff has suffered no harm, to its reputation, its business or otherwise, as a result of the alleged conduct of Defendant as set forth in the Complaint.

Wherefore, with respect to the Complaint, Defendant respectfully requests that this Court:

  a.   Enter an Order dismissing the Complaint;

  b.   Enter judgment on behalf of Defendant on each count of the Complaint;

  c.   Grant Defendant reasonable attorney fees and costs; and

  d.   Grant such other relief as the Court deems just and proper.

NY 71725521

**DEMAND FOR JURY TRIAL**

Defendant, Broadway Photo LLC, demands a jury trial in this action.

| | |
|---|---|
| Dated:  New York, New York<br>September 5, 2008 | Respectfully submitted,<br><br>STROOCK & STROOCK & LAVAN LLP<br><br>By: s/ Steven B. Pokotilow<br>     Steven B. Pokotilow<br>     spokotilow@stroock.com<br>     Richard Eskew<br>     reskew@stroock.com<br>     180 Maiden Lane<br>     New York, New York  10038<br>     Tel: (212) 806-5400<br>     Fax: (212) 806-6006<br><br>ATTORNEYS FOR DEFENDANT BROADWAY PHOTO LLC |